# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-40211
Summary Calendar

TERRY LYNN SIRMANS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-266

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Terry Lynn Sirmans, Texas prisoner # 1021082, filed a 28 U.S.C. § 2254 petition challenging his convictions for aggravated sexual assault of a child and sexual assault of a child. He argued that there was insufficient evidence presented at trial to support his convictions. He also alleged that the prosecutor engaged in misconduct and that he received ineffective assistance of trial counsel. The district court dismissed Sirmans's § 2254 petition after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that it was time-barred pursuant to 28 U.S.C. § 2244(d). The district court granted a certificate of appealability, however, on the issue whether Sirmans had been prevented from filing a timely § 2254 petition by a state-created impediment.

Sirmans renews his argument that the State impeded him from filing a timely § 2254 petition when it moved him from the Jester Unit to the Powledge Unit without allowing him to retrieve his legal papers from a writ writer in the Jester Unit from whom Sirmans had sought advice. Between October 2002 and May 2003, the writ writer unsuccessfully attempted to return Sirmans's legal papers to him. Sirmans alleges that the one-year limitations period did not begin to run until May 7, 2003, when he finally received his legal documents back from the writ writer.

There is record support for the district court's determination that any alleged impediment was not a State-created one. Moreover, Sirmans has failed to address the district court's reasoning that the alleged impediment did not prevent him from filing a timely § 2254 petition as the alleged impediment was removed more than six months before the limitations period was set to expire. He has therefore abandoned this issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Sirmans has not shown that the district court erred in dismissing his § 2254 petition as time-barred. The judgment of the district court is AFFIRMED.